# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00133-MR-WCM-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TIMOTHY JASON McCOY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 56].

**I.   BACKGROUND**

In March 2019, the Defendant Timothy Jason McCoy pled guilty to one count of possession with intent to distribute a quantity of methamphetamine. [Doc. 38]. In August 2019, the Court sentenced him to a term of 51 months' imprisonment. [Doc. 51]. The Defendant is currently housed at FMC Lexington, and his projected release date is May 17, 2022.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc.

---

[1] See https://www.bop.gov/inmateloc/ (last visited May 26, 2021).

56]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction. [Id.]. He further contends that the Bureau of Prisons (BOP) has been unable to contain the outbreak of the virus. [Id.].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Feb. 26, 2021]. The Government filed its response on March 26, 2021. [Doc. 58]. After receiving an extension of time to do so [see Text-Only Order entered Apr. 12, 2021], the Defendant filed a reply [Doc. 60].

## II.    DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. §

3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court

4

recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant claims that his health conditions—particularly, chronic kidney disease and hypertension— place him at increased risk of serious illness or death from COVID-19. The Centers for Disease Control and Prevention (CDC) has identified chronic kidney disease as a COVID-19 risk factor.[2] The CDC also has cautioned that people with hypertension *might* be at an increased risk for severe illness from COVID-19.[3] While these health risks ordinarily could constitute extraordinary and compelling reasons for a possible sentence modification, such risks are significantly mitigated by vaccination. The Defendant received the first dose of the vaccine on February 22, 2021. [Doc. 58-3]. Presumably, the Defendant has been fully vaccinated by now. As the CDC has noted, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines can reduce the risk of COVID-19, including severe illness, among people who are fully vaccinated by 90

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 26, 2021).

[3] See id.

percent or more.[4]  As vaccination has significantly reduced (if not eliminated) the risk of serious illness for the Defendant, the Court concludes that he cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release.

The Defendant contends that the BOP has been unable to control the outbreak of the virus and thus he remains at risk of potential infection. [Doc. 56].  Despite the Defendant's argument to the contrary, the Court finds that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates.  See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.).  In addition to these measures, the BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.  Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders.[5]  Given BOP's efforts, the

---

[4] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited May 26, 2021).

[5] The effects of these mitigation efforts in evident in the fact that FMC Lexington has had a total of 699 coronavirus cases among its inmate population, 79 cases among its staff, and nine deaths, but currently has only one positive case among its inmate population

fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime of conviction was very serious. He was charged with trafficking enough methamphetamine to trigger a mandatory minimum sentence of five years, even though he received only 51 months. While the related charges were dismissed, the Defendant also committed his crime while in possession of firearms and ammunition. In light of the

---

and two positive cases among its staff. See https://www.bop.gov/coronavirus/ (last visited May 26, 2021).

seriousness of the Defendant's crimes, the Court concludes that a sentence of 51 months promotes respect for the law and provides adequate deterrence to both this Defendant and other would-be drug traffickers. Further, requiring the Defendant to fulfill his entire term also prevents unwarranted sentencing disparities between similarly situated defendants.

The Defendant asserts that he has made significant progress and rehabilitation while incarcerated. Specifically, he has completed several classes while incarcerated and seems to have no disciplinary record. While such conduct is commendable, rehabilitation alone cannot serve as an extraordinary and compelling reason warranting release. See 28 U.S.C. § 994(t)). Thus, the Defendant's rehabilitation efforts, while laudable, do not outweigh the seriousness of his crime and the other § 3553(a) factors.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release [Doc. 56] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge